IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 6 2009

Clerk of Court

| | | |
|---|---|---|
| ROSIE YIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-09-26 |
| | § | |
| WAL-MART STORES TEXAS, LP | § | |
| | § | |
| Defendant. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on November 6, 2009, the Court considered Defendant Wal-Mart Stores East, LP's ("Wal-Mart") No Evidence Motion for Summary Judgment. Dkt. No. 7. This Court **GRANTS** Defendant's motion.

### I. Factual Background

Defendant Wal-Mart operates a retail store at 2721 Boca Chica Boulevard in Brownsville, Texas. Plaintiff Rosie Yin ("Yin") alleges that on September 22, 2006, she slipped on a puddle of water as she was walking back to her shopping cart in the produce section of the store after having grabbed some grapes out of a display case. *Id.* at 6. Plaintiff filed suit on September 19, 2008, in Cameron County Court at Law No. 3, alleging a single cause of action for negligence under a premises liability theory. Dkt. No. 1, Ex. 2. Defendant timely removed this action to this Court on January 28, 2009, under 28 U.S.C. § 1441(b). *Id.* at 1-2.

Defendant filed the current Motion for Summary Judgment on June 5, 2009. Dkt. No. 7. Defendant argues that Plaintiff's claim must be dismissed because Plaintiff has failed to provide any evidence that Defendant had actual or constructive knowledge of the alleged dangerous condition. *Id.* at 1. Specifically, Defendant argues that Plaintiff has not presented any evidence that Defendant had actual knowledge of the slippery substance on the floor. *Id.* at 3. Defendant also argues that Plaintiff has not shown any constructive knowledge of the substance, because Plaintiff has not presented any temporal evidence

indicating how long the alleged dangerous condition was on the floor before the Plaintiff slipped. *Id.* at 4.

Plaintiff filed her response on June 25, 2009. Dkt. No. 9. Plaintiff responds that Defendant's "Safety Sweep Program" and "Slip, Trip, and Fall Guidelines" create a genuine issue of material fact whether Wal-Mart employees had actual or constructive knowledge of the dangerous condition that led to Plaintiff's fall. *Id.* at 1. According to the Safety Sweep Program guidelines, Wal-Mart staff are instructed to conduct safety sweeps periodically throughout the day where they would look for dangerous conditions that customers might trip on. *Id.* at 2; Ex. A, at 1. Additionally, Defendant's "Risk Control Resource Manual" includes "Slip, Trip, and Fall" guidelines that instruct employees to regularly complete safety sweeps to "keep the sales floor free of slip and trip hazards." *Id.* at 2-3; Ex. B, at 1. The guidelines also instruct each store to locate and maintain floor mats in "areas such as Produce, in front of the bagged ice freezers, and the vestibule where liquids can cause a slip and fall hazard." *Id.* Plaintiff also attaches the job description for a "Day Maintenance Associate" employed by Wal-Mart, which requires that the employee "[c]onstantly sweep, vacuum, and mop floors throughout the store." *Id.* at 3; Ex. C, at 1. Plaintiff argues that Defendant's requirement that its employees constantly monitor the store's floor areas shows that its employees know or should have known that a dangerous condition existed. Additionally, Plaintiff argues that the Defendant's failure to place a mat in front of the refrigerated unit from which she removed the grapes was negligent. *Id.* at 3 (citing *Id.*, Ex. D, at 13, where Plaintiff, in her deposition, states that there was no mat around the grape bin).

Defendant replies that the existence of "Safety Sweep" and "Slip, Trip, and Fall" guidelines does not guarantee that Defendant will have actual or constructive knowledge of dangerous substances. Dkt. No. 10, at 3. Defendant argues that Plaintiff continues to fail to provide any temporal evidence showing that the Defendant knew that there were no mats in front of the produce bin where Plaintiff slipped. *Id.* at 3-4. Instead, Defendant argues that the Plaintiff is trying to use the Defendant's safety guidelines to try to create strict liability for any injuries on its premises. *Id.* at 4. However, Defendant points to Plaintiff's deposition testimony that she had no knowledge of how long the substance was

-2-

on the floor. *Id.* at 4-5; Ex. A, at 17. Without any other evidence to show actual or constructive knowledge of Defendant, the Plaintiff has failed to present sufficient evidence to support her premises liability claim. *Id.*

## II. Summary Judgment Standard

Summary judgment is appropriate when the movant has established that the pleadings, affidavits, and other evidence available to the Court demonstrate that no genuine issue of material fact exists, and the movant is thus entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Piazza's Seafood World, LLC v. Odom, 448 F.3d 744, 752 (5th Cir. 2006); Lockett v. Wal-Mart Stores, Inc., 337 F. Supp. 2d 887, 891 (E.D. Tex. 2004). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant." *Piazza's Seafood World, LLC*, 448 F.3d at 752 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The Court must view all evidence in a light most favorable to the non-moving party. *Piazza's Seafood World, LLC*, 448 F.3d at 752; *Lockett*, 337 F. Supp. 2d at 891. Factual controversies must be resolved in favor of the non-movant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 36 F.3d 1069, 1075 (5th Cir. 1994). Thus, the Court will not, "*in the absence of proof, assume that the nonmoving party could or would prove the necessary facts.*" *Id.* (emphasis in original) (citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990)); *see also* TIG Ins. Co. v. Eagle, Inc., Civ. Action No. 05-0179, 2007 WL 861153, at *2 (E.D. La. 2007) (quoting *Little*, 36 F.3d at 1075).

The non-movant has no duty to respond to a motion for summary judgment until the moving party meets its burden of showing that no genuine issue of fact exists. *See Lockett*, 337 F. Supp. 2d at 891 (citing Ashe v. Corley, 992 F.2d 540, 543 (5th Cir. 1993)). However, if the movant satisfies its burden, the non-movant must then come forward with specific evidence to show that there is a genuine issue of fact. *Lockett*, 337 F. Supp. 2d at 891; *see also Ashe*, 992 F.2d at 543. The non-movant may not merely rely on conclusory allegations or the pleadings. *Lockett*, 337 F. Supp. 2d at 891. Rather, it must demonstrate specific facts identifying a genuine issue to be tried in order to avoid summary

judgment. FED. R. CIV. P. 56(e); *Piazza's Seafood World, LLC*, 448 F.3d at 752; *Lockett*, 337 F. Supp. 2d at 891. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998) (quoting Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)). Thus, once it is shown that a genuine issue of material fact does not exist, "[s]ummary judgment is appropriate . . . if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'" Arbaugh v. Y&H Corp., 380 F.3d 219, 222–23 (5th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

### III. Premises Liability Standard

Under Texas law, a property owner owes an invitee a duty to protect the invitee from dangerous conditions that are known or reasonably discoverable. CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 101 (Tex. 2000). A plaintiff asserting a claim for premises liability must prove: (1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner or occupier's failure to use such care proximately caused the plaintiff's injury. *Id.* at 99. A plaintiff proves constructive notice by establishing "that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998).

Although Texas allows a court to weigh the evidence in determining whether it is "more likely than not" that the property owner had constructive knowledge of the dangerous condition, federal law does not permit the court to weigh evidence in evaluating motions for summary judgment. *See* Sturdivant v. Target Corp., 464 F. Supp. 2d 596, 599 (N.D. Tex. 2006) (citing Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002)); Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). Thus, the Court will apply federal standards in evaluating the evidence on this Motion for Summary Judgment, and will determine only if a genuine issue of material fact exists as to whether

Defendant had constructive notice of the dangerous condition. *Sturdivant*, 464 F. Supp. 2d at 600.

## IV. Analysis

To show that Defendant had actual or constructive knowledge of the substance on the floor, Plaintiff would have to show at trial: (1) that Defendant placed the substance on the floor; (2) that Defendant actually knew that the substance was on the floor; or (3) that the substance was on the floor long enough to give Defendant a reasonable opportunity to discover and remove it. Keetch v. Kroger, 845 S.W.2d 262, 265 (Tex. 1992). Plaintiff argues that Defendant's own guidelines support a finding that Defendant had constructive knowledge of the water's presence under the third theory. For Plaintiff to succeed in establishing the property owner's constructive knowledge of a hazardous condition, the plaintiff must show that the hazardous condition existed for some definite length of time. *Reece*, 81 S.W.3d at 815. Texas adopted this "time-notice" rule because "temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Id.* at 816.

Here, Plaintiff has failed to present any evidence that the hazardous condition existed for some definite length of time. The existence of guidelines for Wal-Mart employees for dealing with hazardous substances does not indicate the length of that a hazardous condition existed. There is no evidence in the record that the Defendant had a reasonable opportunity to discover and remedy the dangerous condition created by the slippery substance. Plaintiff also asserts that the Defendant knew or should have known that it created a dangerous condition by not placing any mats in front of the produce bin where Plaintiff slipped. However, Plaintiff had also failed to provide any temporal evidence showing that Defendant had a reasonable opportunity to discover that there were no mats in front of the produce bin and remedy the situation.

Considering all of the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to produce sufficient evidence to create a genuine issue of material fact as to Defendant's constructive notice of the dangerous situation that caused Plaintiff's fall. Phrased differently, no reasonable jury could conclude that Defendant failed to

exercise reasonable care by failing to discover and remedy the hazardous situation. Because Plaintiff has failed to produce evidence upon which the jury could find in her favor, summary judgment for Defendant is appropriate.

## V. Conclusion

Based on the foregoing, the Court **GRANTS** Defendant Wal-Mart Stores East, LP's No Evidence Motion for Summary Judgment. Dkt. No. 7.

DONE at Brownsville, Texas, on November 6, 2009

Hilda G. Tagle
United States District Judge